UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASSANDRA CARAG, individually and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BARNES & NOBLE, INC., a Delaware corporation; BARNES & NOBLE BOOKSELLERS, INC., a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | No.  2:14-cv-00481-JAM-DAD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION TO STRIKE** |

   This matter is before the Court on Plaintiff Cassandra Carag's ("Plaintiff") Motion to Remand (Doc. #3) and Motion to Strike (Doc. #4) portions of Defendants Barnes & Noble, Inc. ("Barnes & Noble") and Barnes & Noble Booksellers, Inc.'s (collectively "Defendants") Answer (Doc. #1-1).[1]  Defendants opposed the motions (Doc. ##6, 5 respectively).  Plaintiff filed replies (Doc. #7, 8).

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for April 23, 2014.

1

I.   FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The class action Complaint (Doc. #1-1) was filed in the Sacramento County Superior Court on November 27, 2013.  Plaintiff brought the following claims against Defendants on her own behalf, as well as that of other members of the general public similarly situated:  (1) Violation of California Labor Code[2] §§ 510 and 1198 (unpaid overtime); (2) Violation of §§ 226.7 and 512(a) (Unpaid Meal Period Premiums); (3) Violation of § 226.7 (Unpaid Rest Period Premiums); (4) Violation of §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages); (5) Violation of §§ 201 and 202 (Final Wages Not Timely Paid); (6) Violation of § 204 (Wages Not Timely Paid During Employment); (7) Violation of § 226(a) (Non-Compliant Wage Statements); (8) Violation of § 1174(d) (Failure to Keep Requisite Payroll Records); and (9) Violation of California Business & Professions Code §§ 17200, et seq. (Unfair Competition/Unfair Business Practices).

According to the Complaint, Defendants are a national book retailer operating a chain of bookstores.  Plaintiff was an hourly-paid, non-exempt employee of Defendants from approximately May 2002 through April 2012.  The proposed class is defined as "all current and former California-based . . . hourly-paid or non-exempt individuals employed by any of the Defendants at a 'Barnes & Noble' store located within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment."  The Complaint seeks to recover the unpaid overtime compensation, compensation for missed

---

[2] All further statutory references are to the California Labor Code unless otherwise specified.

meal and rest periods, payment and penalties for unpaid minimum wages, penalties for untimely payment of wages during employment and final wages, damages for improper wage statements and payroll records, and attorneys' fees.

On February 13, 2014, Defendants removed the action to this Court (Doc. #1) pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act of 2005 ("CAFA"). Defendants asserted in their Notice of Removal that the alleged aggregate amount in controversy in this class action exceeds $5,000,000, exclusive of interest and costs, thus satisfying the amount in controversy requirement of 28 U.S.C. § 1332(d)(2) and supplying this Court with jurisdiction over the matter. To support their contention, Defendants submitted the declaration of Barnes & Noble's Director of Human Resources Administration (Doc. #1-3), Patricia Woloshin-Williams ("Woloshin-Williams"), in which she states that based on a search of the relevant records she discovered that at least 3,666 individuals worked as hourly or non-exempt employees at Barnes & Noble in California since November 2013.

## II.   OPINION

### A.   Request for Judicial Notice

Defendants request the Court judicially notice (Doc. #6-1) three documents pursuant to Rule 201 of the Federal Rules of Evidence. Rule 201 provides that the Court may judicially notice a fact that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction; or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

1  The first two documents in Defendants' request are the
2  Complaint and the notice of removal in this action.  These are
3  clearly documents the Court will rely on in ruling on the
4  motions, and as such, the request is granted as to them.
5     The final document is a complaint filed in another action in
6  the Los Angeles County Superior Court.  Although the Court can
7  judicially notice complaints filed in other courts for the fact
8  that they were therein filed, the Court does not find this
9  document to be materially relevant to the matter before it.
10 Accordingly, Defendants' request as to this other complaint is
11 denied.
12     B.   Motion to Remand
13          1.   Applicable Standard
14    In her Motion to Remand, Plaintiff contends the Court should
15 remand the matter because Defendants have failed to prove that
16 the amount in controversy exceeds $5,000,000, as required for
17 federal jurisdiction under CAFA.  MTR at p. 2.  She argues
18 Defendants' calculations rely on speculation and unsubstantiated
19 assumptions, and thus Defendants have failed to meet their burden
20 for removing this action.
21     CAFA gives the district courts original jurisdiction in any
22 civil action where: (1) "the matter in controversy exceeds the
23 sum or value of $5,000,000, exclusive of interest and costs,"
24 (2) the action is pled as a class action involving more than 100
25 putative class members, and (3) "any member of a class of
26 plaintiffs is a citizen of a State different from any defendant."
27 28 U.S.C. § 1332(d).  The first requirement is the only one
28 challenged by Plaintiff here.

4

Where a state court complaint does not specify an amount of damages to demonstrate federal jurisdiction, "[a] defendant seeking removal of a putative class action must demonstrate, by a preponderance of evidence, that the aggregate amount in controversy exceeds the jurisdictional minimum." Rodriguez v. AT & T Mobility Services LLC, 728 F.3d 975, 976 (9th Cir. 2013); see also Emmons v. Quest Diagnostics Clinical Labs., Inc., 1:13-CV-0474 AWI-BAM, 2014 WL 584393, at *3-4 (E.D. Cal. 2014). "[A] district court may not find a defendant has met the preponderance of the evidence standard based on defendant's mere speculation and conjecture. Calloway v. Affiliated Computer Servs., Inc., 2:13-CV-01648-KJM, 2014 WL 791546, at *7 (E.D. Cal. 2014) (citing Garibay v. Archstone Communities LLC, 539 F. App'x 763, 764 (9th Cir. 2013)).

To determine whether Defendants have met their burden here, the Court must review "the reliability of the variables [D]efendants use to calculate the amount in controversy as exceeding $5 million." Id. The Ninth Circuit strictly construes removal statutes against removal jurisdiction; federal jurisdiction "'must be rejected if there is any doubt as to the right of removal in the first instance.'" Roth v. Comerica Bank, 799 F. Supp. 2d 1107, 1115 (C.D. Cal. 2010) (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

2. Notice of Removal Damages Calculation

In their Notice of Removal, Defendants' primary damage calculation is based on Plaintiff's § 226 claim. Defendants contended that based on Woloshin-Williams' calculation of 3,666 employees belonging to the class, this claim alone would amount

5

1  to $14,664,000.  This figure assumes however that every single
2  member of the class would be entitled to the maximum statutory
3  penalty of $4000.  § 226(e)(1).
4       The Ninth Circuit dealt with similar supporting evidence for
5  removal in Garibay.  539 F. App'x at 764.  There the court
6  observed that the only support for the defendants' calculation of
7  the amount in controversy was "a declaration by their supervisor
8  of payroll, which set[] forth only the number of employees during
9  the relevant period, the number of pay periods, and general
10 information about hourly employee wages."  Id.  The court found
11 the district court properly concluded the evidence "was
12 insufficient to support removal jurisdiction under CAFA,"
13 reasoning that beyond the declaration, "the defendants rely on
14 speculative and self-serving assumptions about key unknown
15 variables."  Id.  The evidence submitted in support of the Notice
16 of Removal is equally insufficient to support removal in the
17 instant case.
18          3.   Defendants' Opposition to Remand Motion
19      In their Opposition and the supplemental declaration from
20 Woloshin-Williams (Doc. #6-4), Defendants provide further
21 explanation of their calculations to support their claim that the
22 amount in controversy meets the jurisdictional minimum for
23 removal.  Opp. at pp. 5-11.  Woloshin-Williams states that she
24 examined records for the period from November 27, 2009 through
25 March 1, 2014, and that she determined Barnes & Noble had 2,804
26 current and 7,666 former non-exempt California employees,
27 totaling 10,470.  She further asserts that the lowest starting
28 wage for the class members was $8 per hour, the average amount of

1  overtime paid to all California hourly employees during the
2  period was 1.35 hours and Plaintiff worked an average of 1.06
3  overtime hours in the 100 weeks from November 27, 2009 to
4  present.  (Defendants have provided no explanation for their use
5  of "100 weeks" as there has been well over 100 weeks from
6  November 27, 2009 to the present.)  The declaration also
7  describes certain payment procedures used by Defendants.

                a.  <u>Waiting Time Penalties</u>

9     Defendants contend the putative waiting time penalties under
10 § 203 alone amount to over $14 million.  Opp. at p. 9.  Section
11 203 provides for a maximum of thirty days of wages for an
12 employee not properly paid.  In their calculation, Defendants
13 contend that because Plaintiff has alleged the class members have
14 not been properly paid the full thirty days may be used for "each
15 of the putative class members."  The defendants in <u>Garibay</u>
16 similarly assumed that each employee would be entitled to the
17 maximum statutory penalty.  539 F. App'x at 764.  The court
18 rejected the assertion because it was not supported by any
19 evidence.  <u>Id.</u>  The Defendants here also fail to provide support
20 for their assumption of a maximum penalty.  Although some courts
21 in this district have accepted tenuous assumptions in the past,
22 "the Ninth Circuit and Courts in this district have recently
23 rejected Defendants' assumption of the maximum wage penalty (30
24 days) for waiting time violations as unsupported by the proper
25 evidence."  <u>Emmons</u>, 2014 WL 584393, at *7-8; <u>see also</u> <u>Garibay</u>,
26 539 F. App'x at 764; <u>Weston v. Helmerich & Payne Inter. Drilling
27 Co.</u>, 1:13-CV-01092-LJO, 2013 WL 5274283, at *3-6 (E.D. Cal.
28 2013).

1              b.    Meal and Rest Break/Minimum Wage Damages

2     Defendants offer similar contentions regarding Plaintiff's
3 meal and rest break and minimum wage claims.  However, Defendants
4 again "rely on speculative and self-serving assumptions about key
5 unknown variables."  Garibay, 539 F. App'x at 764.  For example,
6 in their meal and rest break putative damages calculations,
7 Defendants rely on each class member missing fifteen meal breaks
8 per year and suffering three violations of the minimum wage laws
9 per year.  Opp. at p. 10.  However, Defendants fail to provide
10 any substantive evidence in support of their assumptions
11 including why fifteen meal breaks or three minimum wage
12 violations should be presumed.

13              c.    Overtime Claim Damages

14     With respect to Plaintiff's overtime claim, Defendants rely
15 on Ms. Woloshin-Williams' declaration that: "Plaintiff . . .
16 worked an average of 1.06 hours of overtime in the 100 weeks from
17 November 27, 2009 to present.  The average amount of overtime
18 paid to all California hourly employees during the claim period
19 is 1.35 hours."  Woloshin Williams' Decl. ¶ 8.  In their
20 opposition, Defendants contend they have calculated the "overtime
21 pay in controversy based on 106 hours of overtime per putative
22 class member (based on the average of 1.06 hours of overtime
23 Plaintiff worked in the 100 weeks of the statutory period)."  Opp
24 at p. 14.

25     As pointed out by Plaintiff, Defendants' use of 100 weeks is
26 confusing given that neither her employment nor the relevant
27 statutory period was 100 weeks.  In addition, there is no logical
28 basis for using the number of overtime hours *paid* by Defendants

8

to calculate the amount of *unpaid* overtime in controversy here. As such, Defendants have failed to provide sufficient evidence to meet the preponderance standard for their overtime claim damages.

#### d. Attorneys' Fees

Finally, Defendants contend the Court should consider the likely attorneys' fees in determining the amount in controversy. Opp. at pp. 10-11.  However, since there is insufficient evidence to establish the amount in controversy upon which attorneys' fees would be based "is at least $4 million," (Opp. at p. 11), Plaintiff's contention is unpersuasive.  See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998) (Twenty-five percent recovery is the "benchmark" level for reasonable attorney's fees in class action cases).

#### e. Garibay and Marentes

Defendants attempt to distinguish Garibay by pointing out that the declarations describe the methodology used, use a minimum wage rather than an average wage, and provide "actual evidence of Plaintiff's own overtime based on her employment records." Opp. at p. 8. "When applying the preponderance of the evidence standard to California Labor Code claims, many California district courts have refused to credit damage calculations based on variables not clearly suggested by the complaint or supported by evidence, concluding that the calculations are mere conjecture." Roth, 799 F. Supp. 2d at 1127.  Despite Defendants' attempts to explain how they arrived at their figures for the amount in controversy, the Court finds that the amounts are simply not supported by the evidence before the Court.  Therefore, based on the principles established in

9

1 | Garibay, the Court refuses to rely on Defendants' damages
2 | calculations here.
3 |     Defendants' arguments herein depend, in part, on an isolated
4 | section of Marentes v. Key Energy Servs. California, Inc., 1:13-
5 | CV-02067-LJO JLT, 2014 WL 814652, at *8-9 (E.D. Cal. 2014).
6 | Specifically, Defendants point to the court's statement that the
7 | question in cases such as these is not what will ultimately be
8 | proven in the course of the litigation but whether the damages
9 | relied on by the removing party have been placed at issue by the
10 | plaintiff's complaint.  Id.  The Marentes Court found the
11 | defendant's use of the 30-day maximum waiting time penalty for
12 | all class members was proper.  After restating the requirement
13 | that a removing defendant must set forth the underlying facts
14 | supporting its figures, the court relied on the defendant's
15 | assessment of plaintiff's complaint to accept its calculations.
16 | The Marentes court cited to the allegations in the complaint
17 | where the plaintiff claimed the defendant "failed to pay the
18 | employees 'their wages, earned and unpaid, within seventy-two
19 | (72) hours' of the end of their employment."  Id.
20 |     Defendants rely on a similar allegation in the Complaint
21 | where Plaintiff alleges Defendants "failed to pay the other class
22 | members who are no longer employed by Defendants their wages,
23 | earned and unpaid, within seventy-two (72) hours of their leaving
24 | Defendants' employ."  Comp. ¶ 83.  Defendants contend, based on
25 | Marentes, that the Court can assume each and every class member
26 | is owed the maximum statutory amount.  However, although the
27 | Marentes court found such allegations sufficient to support the
28 | assumption that maximum penalties are warranted in such a

1  situation, this is in direct conflict with other court's
2  findings.  In Ruby v. State Farm Gen. Ins. Co., C 10-02252 SI,
3  2010 WL 3069333, at *2-3 (N.D. Cal. 2010), the court dealt with a
4  nearly identical situation.  However, the Ruby court rejected the
5  defendant's use of maximum penalties for all class members:

> Had plaintiff's allegation been that the terminated employees were never paid, or that they were all paid at least thirty days late, then defendant's estimate might be supportable. However, the allegation in the complaint is simply that defendant "failed to pay Plaintiff and class members who are no longer employed by Defendants their wages . . . within seventy-two (72) hours of their leaving Defendants' employ."  FAC ¶ 70.  Reading this allegation on its face, there may well be some class members who would only be entitled to recover penalties for a single day, or in event for less than the thirty-day maximum.  Defendant points to nothing indicating that the penalties should be assessed for the full thirty days for every employee who may assert this claim, and its attempt to inflate the amount in controversy by calculating the maximum penalty for every terminated employee is improper.

Ruby, at *2-3; see also Pereira v. Gate Gourmet, Inc., No. 08-07469 MMM(PJWX), 2009 WL 1212802, at *2-3 (C.D. Cal. 2009).

This Court finds the Ruby court's reasoning to be more in line with the principles established by the Ninth Circuit and is not persuaded by Defendants' Marentes' argument.

//

          f.    <u>Conclusion</u>

Defendants have failed to provide a reasonable calculation of the amount in controversy that is based on competent evidence. The estimated damage calculations provided by Defendants are unsupported by the Complaint or Woloshin-Williams's declarations and are thus speculative and self-serving. Accordingly, there is no basis at this time for the Court to find that removal is warranted. Accordingly, the Court grants Plaintiff's Motion to Remand.

As the matter is now remanded back to the Sacramento County Superior Court, Plaintiff's Motion to Strike is more appropriately addressed by that court. Accordingly, it is DENIED WITHOUT PREJUDICE here.

### III.   ORDER

For the reasons set forth above, the Court GRANTS the Plaintiff's Motion to Remand. As the case is remanded back to the Sacramento County Superior Court, Plaintiff's Motion to Strike portions of Defendants' answer is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: May 30, 2014

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE